**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

United States of America,

Plaintiff,

v.

Travis James Dethlefs,

Defendant.

Case No. 3:25-CR-0262-1

**Sentencing Memorandum**

---

Defendant, Travis James Dethlefs, by and through his attorney, Chris Snyder, submits this brief in support of the upcoming plea and sentencing hearing scheduled for November 10, 2026, at 10:00 a.m.

## Relevant Facts

On December 5, 2025, the United States filed a single-count Information charging Defendant, Travis James Dethlefs (Travis), with Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2.

Travis has entered into a written plea agreement with the United States and intends to plead guilty to the sole count of the Information at his combined plea and sentencing hearing.

According to the Presentence Investigation Report (PSIR), Travis's base offense level is 36. After a three-level reduction for acceptance of responsibility, his total offense level is 33. With a criminal history category of VI, the advisory sentencing guideline range is 235 to 293 months of imprisonment.

The offense carries a statutory mandatory minimum sentence of 120 months and a maximum sentence of life imprisonment.

## Argument

The Court must determine a fair and appropriate sentence for Travis. This determination must first consider all the factors outlined in 18 U.S.C. § 3553(a), as well as all available variances allowed under the United States Sentencing Commission.

### I. The Court should depart downward from the guideline range upon consideration of the factors set forth in 18 U.S.C. § 3553(a)

In every sentencing, the Court should consider those factors outlined in 18 U.S.C. § 3553(a). Those factors, and how they apply to Travis, are as follows:

**1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

Travis is 37 years old and has a lengthy criminal history, much of which is connected to his longstanding struggles with substance abuse. He recognizes the seriousness of his involvement in this offense and accepts responsibility for his actions. However, his criminal conduct must also be considered in the context of his personal history, mental health, and struggles with addiction.

Travis began using alcohol, marijuana, and methamphetamine at approximately 13 years old. His childhood was marked by instability, exposure to domestic violence, and significant traumatic experiences. At age 13, Travis witnessed his uncle enter the family home with weapons and attack his stepfather. Travis helped defend his stepfather during the attack. This experience, along with other difficulties during his upbringing, has had a lasting impact on his life.

Travis has been diagnosed with post-traumatic stress disorder (PTSD), depression, anxiety, and attention deficit hyperactivity disorder (ADHD). These diagnoses have been documented through correctional records, and he has previously participated in counseling and mental health treatment. His substance abuse has continued throughout much of his adult life, often coinciding with periods of instability, unemployment, and involvement in the criminal justice system.

Despite these difficulties, Travis has made efforts to address his substance abuse and improve his circumstances. During previous periods of incarceration, he completed several substance abuse treatment programs, cognitive behavioral programming, and the Bureau of Prisons' BRAVE program. He also completed vocational training and earned certification in solar panel installation. Additionally, Travis previously worked as a peer support specialist, helping others who were experiencing difficulties similar to his own.

Travis's prior efforts at rehabilitation have not always been successful. However, his participation in these programs demonstrates that he has recognized the need to change his behavior and has taken steps toward doing so. His history reflects a continuing struggle with addiction rather than an unwillingness to improve his circumstances.

Travis has also taken steps toward establishing legitimate employment. Since August 2026, he has been working as a dog trainer at Camp Bow Wow in Eden Prairie, Minnesota. This recent employment shows an effort to support himself and establish additional stability. Although his employment history is limited, he has previously worked in manufacturing, food service, and as a peer support specialist. His current

employment is a positive development, reflecting his effort to move away from the circumstances that contribute to criminal conduct.

Travis also maintains a relationship with his teenage daughter, with whom he communicates regularly. He hopes to rebuild his life, maintain his family relationships, and eventually return to employment, potentially working again as a peer support specialist.

The Court should consider these circumstances when determining an appropriate sentence. Travis does not seek to excuse his criminal conduct or minimize the seriousness of this offense. Rather, his personal history provides important context for understanding the circumstances that contributed to his involvement and the challenges he must address to avoid returning to criminal activity.

**2) The need for sentence to be imposed**

There are several factors outlined in 18 U.S.C. § 3553(a) the Court should consider in determining the "need" for a sentence. The Court should consider how much time in custody is needed to achieve the goals in this subsection. It is impossible to quantify the amount of time a person should be incarcerated to correct, deter, and/or punish criminal behavior.

Travis recognizes that his involvement in a significant drug trafficking conspiracy warrants a substantial sentence of imprisonment. The distribution of methamphetamine and cocaine causes considerable harm to individuals, families, and communities. A sentence of imprisonment is necessary to reflect the seriousness of his conduct, promote respect for the law, and provide just punishment.

The Court must also consider the need for deterrence and protection of the public. Travis's criminal history demonstrates that previous periods of incarceration

have not prevented him from returning to criminal activity. However, the question before the Court is not simply whether a lengthy sentence is warranted, but whether a sentence within the advisory guideline range of 235 to 293 months is necessary to accomplish the purposes of sentencing.

Travis's history of substance abuse and mental health difficulties also makes access to appropriate treatment particularly important. Although he has participated in treatment programs during previous periods of incarceration, his continued struggles demonstrate the need for ongoing substance abuse treatment, mental health services, and support following his eventual release. Travis has expressed an interest in participating in the Bureau of Prisons' Residential Drug Abuse Program (RDAP).

Travis has previously demonstrated an ability to complete educational and vocational programming and maintain legitimate employment. With appropriate treatment, supervision, and continued support from his family, he has an opportunity to establish a more stable and productive life following his release.

A sentence below the advisory guideline range would recognize the seriousness of Travis's conduct, provide meaningful punishment and deterrence, and protect the public, while also accounting for his individual circumstances and rehabilitative needs. Such a sentence would be sufficient, but not greater than necessary, to accomplish the purposes of sentencing under 18 U.S.C. § 3553(a).

**3) The kinds of sentences available.**

A prison sentence is required by law subject to all aspects of the United States Sentencing Guidelines. Travis faces a mandatory minimum sentence of 120 months of imprisonment and a maximum sentence of life imprisonment. The offense also requires a term of supervised release of at least five years.

**4) The kinds of sentence and the sentencing range.**

The Presentence Investigation Report calculates Travis's total offense level at 33, with a criminal history category of VI, resulting in an advisory guideline range of 235 to 293 months of imprisonment.

Although the Court must consider the advisory guideline range, it is not required to impose a sentence within that range. The Sentencing Guidelines are advisory, and the Court must make an individualized sentencing determination based upon the circumstances of the offense, the history and characteristics of the defendant, and the remaining factors set forth in 18 U.S.C. § 3553(a).

Travis respectfully submits that a sentence below the advisory guideline range would address the seriousness of his conduct while also accounting for his personal history, substance abuse, mental health concerns, and rehabilitative needs.

**5) Any pertinent policy statement.**

Counsel for Travis is not aware of any policy statement impacting his sentence other than those already outlined in this memorandum.

6) **The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

Travis recognizes the importance of consistency in federal sentencing. The Court must consider the individual circumstances of each defendant, including the nature of the offense, criminal history, and other relevant sentencing considerations.

7) **The need to provide restitution to any of the victims of the offense**

Restitution does not apply in this case.

## Conclusion

Based on the factors outlined in 18 U.S.C. § 3553(a), the Court should depart from the guidelines based on the characteristics exhibited by Levi. A sentence of 120 months is the most appropriate sentence to issue in this case.

Dated: November 3, 2026

Respectfully submitted,

*/s/ Chris Snyder*

Chris Snyder
Attorney for Defendant
P.O. Box 616
Moorhead, MN 56561-0616
218-284-1110